```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION

WESLEY ADDISON,                  §
         Petitioner,             §
                                 §
v.                               §   No. 4:21-CV-400-Y
                                 §   (Consolidated with
                                 §    No. 4:21-CV-401-Y)
BILL WAYBOURN, Sheriff,          §
Tarrant County, Texas,           §
         Respondent.             §
```

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner, Wesley Addison, a pretrial detainee confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to exhaust in part and for mootness in part.

### I.  Factual and Procedural History

The record indicates that Petitioner is confined awaiting trial in the 432nd Judicial District Court, Tarrant County, Texas, on charges of aggravated robbery (case nos. 1625277 and 1659666), manufacturing and delivery of a controlled substance (case no. 1653816), and unlawful possession of a firearm by a felon (case no. 1659665). (Resp't's Ex. 5, doc. 8.) In this federal petition, Petitioner complains that (1) the state has not shown its readiness for trial within the 90-day statutory time period; (2) the trial

court and his court-appointed counsel Lisa Renee Hoobler have violated his Sixth Amendment right to a speedy trial; and (3) his court-appointed counsel Lisa Renee Hoobler has failed to "act with reasonable diligence and promptness" in her representation of him. (Pet. 5-6, doc. 6.) He seeks to have his bond reduced and to be tried or the charges dismissed. (Id. at 7.)

## II.  Discussion

As to grounds one and two involving Petitioner's right to a speedy trial, a state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Clearly, Petitioner, who remains incarcerated in the Tarrant County jail on the pending criminal charges, is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). In order to exhaust, a petitioner must have submitted the factual and legal basis of his claims to the highest state court in a procedurally correct manner. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v.*

2

*Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pretrial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

Petitioner, as a pretrial detainee confined after a felony indictment(s), may present his claims in an application for writ of habeas corpus pursuant to article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. See TEX. CODE CRIM. PROC. ANN. art. 11.08 (West, Westlaw current through legislation effective June 7, 2021, of the 2021 Legis. Sess.). If the trial court denies habeas relief under article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals, the state's highest court. *See, e.g., Ex parte Twyman,* 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne,* 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)).

Although Respondent provides documentary proof that, in at least one of his pending cases, Petitioner has filed in the trial

3

court pro-se motions for speedy trial, a reduction in his bail, and substitution of court-appointed counsel Lisa Renee Hoobler, Petitioner has not demonstrated that he has taken the appropriate steps to properly exhaust the claims or that the state's highest court has been afforded a fair opportunity to consider and rule on the merits of the claims. (Resp't's Ex. 2, doc. 8.) Consequently, absent "exceptional circumstances," such showing not having been demonstrated by Petitioner, federal-court interference in the normal functioning of the state's criminal processes at this juncture is unwarranted. Therefore, the petition should be dismissed without prejudice as to grounds one and two to allow Petitioner to seek federal habeas-corpus relief after exhaustion of his state-court remedies have been accomplished.

As to ground three, Respondent provides documentary proof that Petitioner moved for substitution of court-appointed counsel Lisa Renee Hoobler on March 25, 2021, and that the trial court appointed new counsel on April 27, 2021. (Id. Exs. 3-5.) Accordingly, Petitioner's claim that he is not being adequately represented is now moot.

### III.  Conclusion

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice for failure to exhaust state-court remedies in part and for mootness in part.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling as to grounds

5

one and two or its resolution as to ground three. Therefore, a certificate of appealability should not issue.

SIGNED July 21, 2021.

                                              */s/ Terry R. Means*
                                          TERRY R. MEANS
                                          UNITED STATES DISTRICT JUDGE